UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER CHIESA,<br><br>        Petitioner,<br><br>   v.<br><br>CDCR, et al.<br><br>        Respondents. | No. 2:15-cv-0094 DAD P<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

On January 13, 2015, petitioner's wife initiated this action under 28 U.S.C. § 2254, seeking an order of "compassionate release" on behalf of her husband, Peter Chiesa, who was at the time a state prisoner incarcerated at Salinas Valley State Prison (SVSP).[1]  The petition signed by Donna Chiesa, which is dated January 12, 2015, states that Peter Chiesa was at that time in a coma and on life support.  (Pet. (Doc. No. 1) at 3.)  It also stated that as of January 12, he "[was] on his death bed, and not expected to make it through the week."  (<u>Id.</u> at 5.)

On January 30, 2015, court staff contacted the California Department of Corrections and Rehabilitation (CDCR) to obtain an update on petitioner's status.  A representative with CDCR's inmate locator service responded that petitioner is now deceased.

---

[1] The petition states that Peter Chiesa was convicted in 2004 of second-degree murder and sentenced in Calaveras County Superior Court.  Calaveras County is within the Eastern District of California.  Therefore this court has jurisdiction to entertain this application for habeas relief.  28 U.S.C. § 2241(d).

1

1   A petition for writ of habeas corpus is rendered moot when the petitioner passes away.
2   See Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003); Trainer v. Carey, No. 2:05-cv-1442-JKS-
3   GGH, 2007 WL 4209319 at *1 (E.D. Cal. Nov. 28, 2007).  "Because petitioner's death renders
4   this case moot, the petition for writ of habeas corpus should be dismissed as moot." Garceau v.
5   Woodford, 399 F.3d 1101 (9th Cir.2005).

6   Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a
7   district judge to this case.

8   IT IS RECOMMENDED that the instant petition be dismissed as moot and this case
9   closed.

10   These findings and recommendations are submitted to the United States District Judge
11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
12   after being served with these findings and recommendations, any party may file written
13   objections with the court and serve a copy on all parties.  Such a document should be captioned
14   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner
15   may address whether a certificate of appealability should issue in the event he files an appeal of
16   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district
17   court must issue or deny a certificate of appealability when it enters a final order adverse to the
18   applicant).  Any response to the objections shall be served and filed within fourteen days after
19   service of the objections.  The parties are advised that failure to file objections within the
20   /////
21   /////
22   /////
23   /////
24   /////
25   /////
26   /////
27   /////
28   /////

2

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).[2]

Dated: February 2, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
chie0094.dism

---

[2] The petition provides a return address for "Peter Chiesa and Donna Chiesa" at a post office box in Wallace, California. SVSP is located in Soledad, California. The undersigned concludes that the post office box provided on the petition is one maintained by Mrs. Chiesa. There is no indication that Mrs. Chiesa is a licensed attorney or otherwise had the legal capacity to bring a habeas action on her husband's behalf, but petitioner's death moots the question of her ability to do so. Furthermore, the court ordinarily sends its orders and correspondence in a habeas action only to a petitioner's prison address or to his legal counsel's business address. However, in this case the court will also direct the Clerk of the Court to serve this order and recommendation at the P.O. Box provided by Mrs. Chiesa, presumably a private address for one other than petitioner or his counsel.